## BEIGEL v. BALTIMORE & O. R. R.
### Civ. No. 1240.

United States District Court,
S. D. Ohio, W. D.

May 8, 1950.

Louis R. Mahrt, Dayton, Ohio, Haveth E. Mau, Cincinnati, Ohio, Michael H. Sheridan, Wilkes-Barre, Pa., for plaintiff.

P. Eugene Smith, Dayton, Ohio, for defendant.

NEVIN, Chief Judge.

On February 15, 1950, plaintiff herein filed a petition in the Common Pleas Court of Montgomery County, Ohio, wherein he prayed for judgment against defendant Baltimore and Ohio Railroad Company on account of damages alleged to have been sustained because of the death of one William J. Cronin which plaintiff alleges was occasioned by and was due directly and proximately to the negligence of defendant. The suit is brought "for the benefit of the next of kin of the decedent".

On February 24, 1950, the cause was removed to this Court by defendant on the ground of diversity of citizenship.

In his petition as filed in the Common Pleas Court plaintiff alleges that the death of William J. Cronin was the "result of the negligence of the defendant in one or more of the following manners" and thereupon plaintiff sets forth in subparagraphs numbered 1 to 8, inclusive, certain specific acts of alleged negligence to one or more of which he alleges the death of William J. Cronin was directly attributable.

On March 1, 1950, defendant Railroad Company filed a motion, divided into two branches. In Branch One it "moves the

Court for an order requiring the plaintiff to amend his petition by striking therefrom the following matter" and thereupon defendant sets forth in paragraphs numbered A to H, inclusive, the certain allegations contained in the petition which it asserts should be stricken. In Branch Two defendant "moves the Court for an order requiring plaintiff to amend his Petition and make a more definite statement in the following particulars". Defendant then states the "particulars" as to which it asserts there should be "a more definite statement".

The cause is presently before the Court on defendant's motion just referred to.

Now that the cause is pending in this Court, it is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. Of those rules, the following are here pertinent:

Rule 1 "These rules govern the procedure in the United States district courts in all suits of a civil nature * * *".

Rule 81(c) "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders * * *".

Rule 8(a) "A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled."

Rule 84 "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Form 9 of the "Forms" set forth in the "Appendix" is one for "Complaint for Negligence". It is true that it is stated in the "Introductory Statement" to the "Appendix of Forms" that the "Forms are intended for illustration only" but it is also true that under Rule 84, if an applicable "form" is used, then the allegations contained therein "are sufficient under the Rules".

Upon a consideration of defendant's motion and the applicable rules, the Court is of the opinion and so finds that Branch One of defendant's motion herein referred to, is well taken and to that extent the motion should be, and it is, sustained, and that Branch Two thereof, is not well taken and to that extent, the motion should be, and it is, overruled.

In view of all the foregoing, the Court is of the opinion that there should be a "Repleading" by plaintiff in the instant case and counsel may submit an order to that effect, Rule 81(c) supra.

When "repleading" plaintiff may follow "Form 9" or not, as he may elect. What further procedure will be proper after plaintiff has filed his amended complaint (if one is filed) will depend, of course, on the nature of the allegations in, and the form of that pleading.

Counsel may prepare and submit an order in accordance herewith.

Plaintiff may have thirty days from the date of the filing of such Order in which to plead further, if he desires so to plead.